# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 13, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| VICTORIA PUSATERI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-467V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Special Master's Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Scott W. Rooney</u>, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
<u>Robert P. Coleman</u> U.S. Department of Justice, Washington, DC, for respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On April 13, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she sustained an exacerbation of her pre-existing immunodeficiency disorder as a result of a Gardasil vaccine administered on or about April 22, 2013. Petition at 2-4. Petitioner filed two expert reports in support of her claim on December 14, 2017. (ECF Nos. 57 & 59).

On January 23, 2018, petitioner filed an motion for interim attorneys' fees and costs. Motion (ECF No. 61). Petitioner requests a total of $17,725.00 as reimbursement for expert fees paid to date. Motion at 2. On January 30, 2018, respondent filed a response to petitioner's motion. Response (ECF No. 62). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Further, respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim costs award," but he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply.  This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that they brought their petition in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings.  *Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.

The present case has been pending before the Program since 2016 and petitioner has since submitted two expert reports in support of her claim.  The costs of retaining and paying the two experts has imposed a hardship on petitioner's counsel.  Motion at 1.  I find that there exists a good faith basis for the claim and that petitioner is thus entitled to a reasonable award of interim fees and costs.

I have reviewed the experts' billing invoices submitted with petitioner's motion.  The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task.  Based on my experience the costs appear to be reasonable and I find no cause to make adjustments.  Thus, the requested interim attorneys' fees and costs should be awarded in full.

In accordance with the foregoing, petitioner's interim motion for attorneys' fees and costs is **GRANTED**.  Accordingly, I award the following:

1) **A lump sum in the amount of $17,725.00, representing reimbursement for petitioner's interim attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Scott Rooney, of Nemes, Rooney P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of

the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.