# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 9, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| VICTORIA PUSATERI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-467V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Interim; Denial. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Scott William Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner
Robert Paul Coleman, III, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS

On December 11, 2018, petitioner filed a third motion for interim attorneys' fees and costs. Motion for Interim Attorney's Fees and Costs ("Petitioner's Motion"), ECF No. 87. Petitioner previously was awarded $17,725.00 in interim costs on February 13, 2018. *See* Decision on Attorneys' Fees and Costs, ECF No. 65. I denied petitioner's second motion for interim attorneys' fees and costs on September 24, 2018, because the request did not meet the minimum filing requirements as stated in the Initial Order. *See* Decision of Special Master Denying Motion for Interim Attorneys' Fees and Costs, ECF No. 79.

As a policy, I do not encourage motions for interim fees and costs, because they are often made prematurely and divert judicial resources away from resolving the entitlement issues central to all Program cases. I do understand the need for interim fees and costs in some situations, particularly where the fees and costs incurred are particularly high or where the case is expected to be particularly protracted. As stated in the Initial Order and in my previous Decision denying petitioner's interim fees and costs request, I do not typically award interim fees and costs when the **amount of fees requested is less than $30,000.00**, or when the requested **costs are less than $15,000.00**. Initial Order at 4, ECF No. 12.

In her instant Motion, petitioner requested $22,980.00 as reimbursement for interim attorneys' fees and $10,181.30 as reimbursement for interim costs. Petitioner's Motion at ¶ 15.

As petitioner was awarded interim fees and costs within the past twelve months and the amounts she requested for reimbursement in her instant motion do not meet or exceed the benchmark provided in the Initial Order, petitioner's motion is **DENIED** as premature. Petitioner may request the fees and costs included in her motion at the conclusion of the case or if and when the amounts requested meet or exceed the benchmark amounts.

Further, upon reviewing the instant motion, I noted that petitioner's counsel is requesting $350.00 per hour for all work performed on this case in 2016, 2017, and 2018. Mr. Rooney has previously been awarded $300.00 per hour for work performed in 2016 and 2017. Mr. Rooney recently was awarded an hourly rate of $350.00 per hour for work performed in 2018 in *Thomas v. Sec'y of Health & Human Services*, No. 14-996V, 2018 WL 5725184 (Fed. Cl. Spec. Mstr. Oct. 5, 2018). In that decision, Special Master Moran did not find it reasonable to retroactively increase Mr. Rooney's hourly rate for work performed prior to 2018. *Id.* at *2. In accord with Special Master Moran in *Thomas*, I will not retroactively increase Mr. Rooney's reasonable hourly rate for the work he performed on this case in 2016 and 2017 in future motions for fees and costs. As such, in future motions for fees and costs, petitioner's counsel should submit billing logs that reflect the $300 hourly rate for those years.

Any questions about this Order or other aspects of the case may be directed to my law clerk, Kathryn Le, at (202) 357-6361 or kathryn_le@cfc.uscourts.gov.

**IT IS SO ORDERED.**

      **s/Thomas L. Gowen**
      Thomas L. Gowen
      Special Master