# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 16, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| VICTORIA PUSATERI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-467 |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reduction of Attorneys' Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

*Scott W. Rooney,* Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
*Catherine E. Stolar,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 15, 2021, Victoria Pusateri ("petitioner") filed a motion for interim attorneys' fees and costs. Petitioner ("Pet.") Interim ("Int.") Application ("App.") (ECF No. 126). **I hereby GRANT the motion and award $54,982.64 for interim attorneys' fees and costs.**

### I.   Procedural History

On April 13, 2016, petitioner filed her petition in the National Vaccine Injury Compensation Program. Petition (ECF No. 1). Petitioner alleges that as a result of receiving the human papillomavirus vaccine ("HPV") or Gardasil vaccine, she suffered from inflammatory bowel conditions, esophagitis, bronchitis, and alopecia areata, and an exacerbation of her underlying immunodeficiency condition. *Id.* at ¶¶15-17. Petitioner filed extensive medical records and on November 22, 2016, petitioner filed a statement of completion. ECF No. 33.

After petitioner filed additional medical records, respondent filed a status report on May 9, 2017 stating, "Respondent intends to contest entitlement in this case." Respondent ("Resp.")

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

Status Report ("Rept."). On December 14, 2017, petitioner filed an expert report from John Santoro, M.D. Petitioner's Exhibit ("Pet. Ex.") 14 (ECF No. 57). Petitioner also filed an expert report from Marc D. Glashofer, M.D. Pet. Ex. 15 (ECF No. 59).

On February 12, 2018, respondent filed the Rule 4(c) report, recommending against compensation and expert report from Randy Longman, M.D. Resp. Ex. A (ECF No. 63).

Petitioner filed her first motion for interim attorneys' costs on January 23, 2018. Pet. Int. Fees App. (ECF No. 61). Petitioner requested that the costs associated with retaining Drs. Santoro and Dr. Glashofer be reimbursed. *Id.* at 1-2. On February 13, 2018, I entered a decision awarding interim attorneys' costs to reimburse petitioner's attorney for the costs associated with retaining the two experts. Decision on Interim Attorneys' Fees and Costs (ECF NO. 65); *Pusateri v. Sec'y of Health & Human Servs.,* No. 16-467, 2018 WL 1310483 (Fed. Cl. Spec. Mstr. Mar. 14, 2018).

On April 25, 2018, I held another status conference in this case, where I recommended that the parties attempt to resolve this case on a litigative risk basis. On July 27, 2018, respondent filed a status report stating that, "Respondent intends to continue to contest entitlement in this case." Resp. Status Rept. (ECF No. 76). On September 20, 2018, petitioner filed another motion for interim attorneys' fees and costs. Pet. Mot. for Int. Attorneys' Fees (ECF No. 78). I denied petitioner's motion on September 24, 2018, stating that petitioner was requesting an additional $21,518.00 in attorneys' fees and $5,306.30 in attorneys' costs and that petitioner's motion was premature. Decision on Int. Attorneys' Fees and Costs (ECF No. 79).

On October 25, 2018, petitioner filed a supplemental expert report from Dr. Santoro. Pet. Ex. 20 (ECF No. 84). Then on January 11, 2019, petitioner filed a third motion for interim attorneys' fees and costs, this time requesting $22,980.00 in attorneys' fees and $10,181.30 in attorneys' costs. Pet. Third Mot. Int. Fees (ECF No. 87). In this motion, petitioner submitted an invoice dated November 10, 2018, seeking reimbursement for $4,875.00 for work performed for writing his supplemental report. I again denied petitioner's motion, stating once again that petitioner's motion was premature, as I reiterated that I "do not typically award interim fees and costs when the amount of fees requested is less than $30,000.00." *Pusateri v. Sec'y of Health & Human Servs.,* No. 16-467V, 2019 WL 460158 (Fed. Cl. Spec. Mstr. Jan. 9, 2019).

The case continued with the respondent filing a supplemental expert report from Dr. Longman. I held a status conference on July 25, 2019. During this status conference, I explained that petitioner did not have a unifying diagnosis to explain her condition and that at least some of her symptoms began prior to vaccination. Rule 5 Order (ECF No. 94). I provided questions for the parties' experts to consider and requested that petitioner provide updated medical records. *Id.*

On January 22, 2020, I held another status conference in this case, where petitioner's counsel acknowledged that he may have to narrow the injury alleged to alopecia. However, I explained that "an additional expert report would have to consider how the HPV vaccine stimulated an autoimmune condition like alopecia if it is clear that petitioner is not mounting any immune response to the vaccine," as observed in the medical records. Rule 5 Order (ECF No.

108).  After filing updated medical records, petitioner filed a status report stating that petitioner would need to find a new expert due to the passing of Dr. Santoro.  Pet. Status Rept. (ECF No. 115).

On April 30, 2021, petitioner filed an additional expert report from Alan F. Cutler, M.D.  Pet. Ex. 28 (ECF No. 119).  In his report, Dr. Cutler opined that petitioner had developed gastroparesis as a result of receiving the HPV vaccine.  Pet. Ex. 28 at 2.  He posited that the adjuvant in the HPV vaccine induced an immune dysfunction and immunologic damage.  *Id.* at 2.

On July 27, 2021, I held another status conference where I reviewed petitioner's extensive medical history both pre-and post-vaccination.  Scheduling Order (ECF No. 123).  I explained, "…it has become clear that the factual basis underlying this case will not permit the development of a credible theory and that one has not been present to date," and I advised counsel that "reasonable basis will likely be lost from this point forward if the case proceeds further."  *Id.* at 7.  I recommended that petitioner file a motion to dismiss.  *Id.*

On October 15, 2021, petitioner filed the present motion, a fourth motion for interim attorneys' fees and costs.  Pet. Int. App.  Petitioner is requesting $46,129.00 in attorneys' fees and $20,188.64 in attorneys' costs.  *Id.* at 3.  Respondent filed a response on October 17, 2021, stating that the respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and cost award," and, "requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  Resp. Response at 2-3.  Petitioner did not file a reply.

This motion is now ripe for adjudication.

## II. Entitlement to Attorneys' Fees and Costs

### A. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest believe that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  In this case, respondent does not contest that this petition was filed in good faith.  Further, petitioner has a belief that the HPV vaccine was the cause of her injuries.  Therefore, I find that the good faith standard has been met in this case.

3

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). At the time petitioner filed her fourth motion for interim attorneys' fees and costs, petitioner had maintained reasonable basis. Further, respondent did not contest petitioner's reasonable basis for brining the claim. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Petitioner's claim has been pending since 2016 and the amount of attorneys' fees requested by petitioner exceeds $30,000.00. Additionally, petitioner is seeking reimbursement for additional expert costs associated with litigating her claim. Therefore, an award of interim fees and costs is appropriate.

### III. Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 can be accessed online.

In this case, petitioner requests that her attorney, Mr. Scott Rooney, be reimbursed for his work performed on this matter between 2016-2021. Pet. Int. App. Specifically, petitioner requests that Mr. Rooney be reimbursed at a rate of $380.00 per hour for work performed on this case. *Id.* at ¶ 10. However, in the detailed invoice submitted with petitioner's motion, it indicates that Mr. Rooney was billing at a rate of $350.00 per hour for work performed for 2016-2019 and at a rate of $400.00 per hour for work performed in 2020 and 2021. *Id.* at Ex. 2. I have previously approved the rate of $350.00 per hour for work performed in 2018-2019 and $380.00 per hour for work performed in 2020. *See Pavan v. Sec'y of Health & Human Servs.*, No. 14-60V, 2021 WL 1116403 (Fed. Cl. Spec. Mstr. Feb 9, 2021). However, he had previously been awarded a rate of $300.00 per hour for work performed in 2016 and 2017 and not at $350.00 per hour or $380.00 per hour. *See Parlette v. Sec'y of Health & Human Servs.,* No. 17-1227V, 2018 WL 7201927, at *2 (Fed. Cl. Spec. Mstr. Dec. 27, 2018) (citing *Thomas v. Sec'y of Health & Human Servs.,* No. 14-966V, 2018 WL 5725184, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018).

As such, petitioner's counsel's rate for 2016-2017 will be reduced to $300.00 per hour and his rate for work performed in 2020 and 2021 will be reduced to $380.00 per hour. I find the rate of his legal assistant of $60.00 per hour to be reasonable and is consistent with other attorneys' fees decisions.

5

### C. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the invoice submitted with petitioner's interim fee application, and my knowledge of the proceedings in this case to date, the number of hours expended appear to be reasonable and adequately documented. However, as noted above, the hourly rate for petitioner's counsel was reduced, and therefore, the total amount of attorneys' fees awarded is $45,129.00.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner requests a total of $20,188.64 in attorneys' costs. Pet. Int. App. at 27. Petitioner's attorneys' costs include the filing fee, postage, obtaining medical records, copies of documents and records, and expert costs. *Id.* A large portion of petitioner's costs are associated with expert fees. Specifically, petitioner requests $12,500.00 for the balance of Dr. Santoro's invoice and $2,800.00 for fees associated with Dr. Cutler. *Id.*

The costs associated with filing the petition, postage, obtaining medical records, and making copies, and legal research are reasonable, and expenses typically incurred in vaccine cases and will be awarded. However, the cost associated with reimbursement for experts needs to be adjusted.

Petitioner is requesting $12,500.00 for costs associated with work performed by Dr. Santoro. However, as noted above, I had previously entered an interim costs decision awarding the same amount for Dr. Santoro's initial review of the case and his expert report. *Pusateri v. Sec'y of Health & Human Servs.,* 2018 WL 1310483 (Feb. 13, 2018). Additionally, petitioner has not provided an invoice for Dr. Santoro in the instant interim fees motion to substantiate the amount requested. More importantly, in petitioner's third motion for interim attorneys' fees and costs, he did submit an invoice for Dr. Santoro, which indicated that the balance remaining for his services was $4,875.00. *See* Pet. Third Int. Mot. (ECF No. 87). Further, the invoice was dated 11/10/2018, which came after petitioner filed a supplemental expert report from Dr. Santoro. *See* Pet. Ex. 20. Dr. Santoro did not provide any additional expert reports in this case. As such, petitioner's counsel shall be reimbursed for $4,875.00 for the work performed by Dr. Santoro for his supplemental expert report.

Petitioner is also requesting $2,800.00 for costs associated with work performed by Dr. Cutler. Pet. Int. Mot. at 27. Petitioner did not provide an invoice from Dr. Cutler detailing his hourly rate or how many hours he worked. Special masters have declined to award costs when

unsubstantiated. *See e.g. Gardner-Cook v. Sec'y of Health & Human Servs.,* No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Additionally, Dr. Cutler offered a report providing a vague theory of vaccine causation for an injury petitioner does not have. I have declined to reimburse attorneys for costs associated with experts when their reports do not provide meaningful additional opinion evidence in light of the discussions the Court had with petitioner and petitioner's counsel regarding the very real issues in petitioner's case that need to be addressed.

In accordance with the above, the petitioner is awarded $9,763.64 in attorneys' costs.

### IV. Conclusion

In accordance with the foregoing, petitioner's motion for interim attorneys' fees and costs is **GRANTED. I find that the following is reasonable:**

| Attorneys' Fees Requested | $46,129.00 |
|---|---|
| (Adjustment to Fees) | (-$1,000.00) |
| **Attorneys' Fees Awarded** | **$45,129.00** |
|  |  |
| Attorneys' Costs Requested | $20,188.64 |
| (Adjustment to Costs) | (-$10,425.00) |
| **Attorneys' Costs Awarded** | **$9,763.64** |
|  |  |
| **Total Award for Attorneys' Fees and Costs** | **$54,892.64** |

Therefore, I award a total of $54,892.64 in interim attorneys' fees and costs as a lump sum in the form of a check payable to petitioner and petitioner's counsel, Mr. Scott Rooney.

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **shall enter judgment in accordance with the terms of this decision.**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master